# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward A. Henderson, | Case No. 19-cv-135 (MJD/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Amend the Complaint, Motion for Preliminary Injunction, and Motion for Appointment of Counsel (Dkt. No. 24). Regarding Plaintiff's Motion to Amend, Defendant filed a Motion to Dismiss on April 10, 2019. (Dkt. No. 14.) Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Accordingly, Plaintiff had until May 1, 2019 to file an amended complaint without leave of court. However, Plaintiff's Motion to Amend was filed on May 16, 2019, and thus Plaintiff may amend his complaint "only with the opposing party's written consent[1] or the court's leave." Fed. R. Civ. P. 15(a)(2).

---

[1] Although Defendant filed a letter on CM/ECF stating that it "does not oppose Plaintiff's Motion to Amend" because Plaintiff "may amend as a matter of right at this time" (Dkt. No. 27 at 1), this assertion appears to be based on a pre-2009 reading of Rule 15, which permitted a plaintiff to amend a complaint at any time before a responsive pleading is served. In 2009, Rule 15(a) was amended such that "the right to amend once

Here, Plaintiff's Motion to Amend does not comply with the Local Rules. Local Rule 15.1(b) states:

> Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

D. Minn. LR 15.1(b). Plaintiff did not file a copy of the proposed amended pleading or a redline version as required by the Local Rule. Accordingly, the Court denies Plaintiff's Motion without prejudice to his ability to file a Motion to Amend that complies with the Local Rules. Plaintiff is directed to re-file his Motion to Amend with a copy of the proposed amended complaint and a redline version that shows "how the proposed amended pleading differs from the operative pleading." After Plaintiff re-files his Motion to Amend, Defendant shall file its opposition to the Motion to Amend consistent with the Local Rules or file a letter indicating that Defendant does not oppose the Motion to Amend.

Regarding Plaintiff's Motion for Appointment of Counsel, Plaintiff seeks a referral to the Federal Bar Association's *Pro Se* Project, asserting that he has certain disabilities that require appointment of counsel in this civil action. (Dkt. No. 24 at 16-18, 24-25.) Plaintiff's Motion for Appointment of Counsel appears based in part on *Mathews v. Eldridge*, 424 U.S. 319 (1976), and partly based on the Americans with Disabilities

---

as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.

2

Act ("ADA"). "There is no constitutional right to appointed counsel in civil cases." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). To the extent Plaintiff is relying on the ADA, "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities." *Douris v. New Jersey*, 500 F. App'x 98, 101 (3rd Cir. 2012); *see also Pinson v. Equifax Credit Information Servs. Inc.*, 315 F. App'x 744, 749 (10th Cir. 2009) ("To the extent the [plaintiffs] contend the ADA and Rehabilitation Act required the court to appoint counsel on its own volition, we find no support for the proposition."); *Reed v. Common Bond, LLC*, No. 18-CV-263-PP, 2019 WL 252037, at *3 (E.D. Wis. Jan. 17, 2019) ("The [Eastern District of Wisconsin] court acknowledges that the plaintiff is disabled, but the law does not entitle her to a court-appointed lawyer as an accommodation for those disabilities.").[2]

As to Plaintiff's request for a referral to the *Pro Se* Project, "the Court has no obligation to refer a pro se litigant to the *Pro Se* Project."[3] *Rickmyer v. ABM Sec. Servs., Inc.*, No. CV 15-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016)

---

[2]  The Minnesota Human Rights Act does not apply to the federal government, *see Callanan v. Runyun*, 903 F. Supp. 1285, 1294 (D. Minn. 1994), *aff'd*, 75 F.3d 1293 (8th Cir. 1996), nor does the Rehabilitation Act apply to the federal courts, *see Snider v. United States*, No. CV 4:18-1789, 2018 WL 4760840, at *5 (M.D. Pa. Oct. 2, 2018) (citations omitted); *McColm v. California*, No. 114CV00580LJOMJSPC, 2017 WL 511855, at *1 (E.D. Cal. Feb. 7, 2017) ("Similarly, the Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding.").

[3]  Plaintiff relies on a link to a *Pro Se* Project document to support his Motion for Appointment of Counsel. The origin and status of this document is unclear, and, in any event, a *Pro Se* Project document is not binding on the Court.

(denying motion for referral to the FBA *Pro Se* Project framed as ADA accommodations request), *aff'd*, 668 F. App'x 685 (8th Cir. 2016); *see also Issaenko v. Univ. of Minnesota*, No. 13-cv-3605 (JRT/SER), 2016 WL 8198306, at *9 (D. Minn. Jan. 25, 2016) ("[Plaintiff] argues the 'Court has refused to refer this case to the Early Settlement Conference program and allow additional time [for] Plaintiff to respond to Defendant[s'] Motion, as requested by a volunteer attorney acting for Plaintiff through the *Pro-Se* Project.' Civil litigants have no constitutional right to counsel, and therefore, [Plaintiff] is not entitled to a referral to the Early Settlement Conference Program."), *R&R adopted*, No. CV 13-3605 (JRT/SER), 2016 WL 1271470 (D. Minn. Mar. 31, 2016).

However, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors to be considered by the district court in determining whether to appoint counsel in a civil case are "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794. Here, Plaintiff has demonstrated his familiarity with the underlying facts and his ability to litigate this matter, including by filing a complaint, making various requests of the Court via motions, filing a response and supporting exhibits in opposition to Defendant's Motion to Dismiss, citing various statutes and case law in his filings with the Court, and filing a Motion to Amend Complaint. Accordingly, the Court denies the Motion for Appointment of

Counsel. The Court will, however, consider reasonable requests for extensions of time or other reasonable requests by Plaintiff in this matter, including in connection with the Motion to Dismiss (Dkt. No. 14) filed by Defendant State of Minnesota.

Finally, Plaintiff seeks several injunctions against Defendant State of Minnesota and several other entities. In view of Plaintiff's Motion to Amend Complaint and anticipated re-filed Motion, the Court will defer deciding Plaintiff's requests for injunctive relief.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to Amend is **DENIED WITHOUT PREJUDICE**. Plaintiff is directed to re-file his Motion to Amend in a manner that complies with D. Minn. LR 15.1(b)[4] within fourteen (14) days of this Order. Plaintiff should attach to or include with his re-filed Motion to Amend a copy of the proposed Amended Complaint and a redline version that shows how the proposed amended pleading differs from the operative pleading.

2. After Plaintiff re-files his Motion to Amend, Defendant shall file its opposition to the Motion to Amend consistent with the Local Rules or file a letter indicating that Defendant does not oppose the Motion to Amend.

3. Plaintiff's Motion for Appointment of Counsel is **DENIED**.

DATED: May 23, 2019  *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

[4] A copy of the District of Minnesota Local Rules is available at http://www.mnd.uscourts.gov/local_rules/Local-Rules-Master.pdf.